IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Altion Mays ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Burlington Northern Santa Fe, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 10 CV 153 <br><br> Honorable Blanche M. Manning |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff's employment discrimination Complaint should be dismissed in its entirety because it is untimely. Plaintiff's Complaint alleges that he received the Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue letter ("Right-to-Sue Letter") on March 10, 2009. Plaintiff was required to file suit 90-days thereafter. 42 U.S.C. §2000e-5(f)(1). However, Plaintiff did not file his Complaint until February 11, 2010, well-over 90-days later. As a result, Defendant, BNSF Railway Company ("BNSF"), respectfully requests that the Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because it is untimely. BNSF alternatively requests that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of jurisdiction.

## FACTUAL BACKGROUND

Plaintiff filed his Charge of Discrimination with the EEOC on September 9, 2005 alleging race discrimination and retaliation. (Ex. A to Motion, EEOC Charge).[1] He alleges that

---

[1] Plaintiff's EEOC Charge was not attached to his Complaint, although it is referenced therein. Plaintiff did not file a copy of his EEOC Charge despite this Court's Order directing him to do so. (Docket # 6). Because Plaintiff's EEOC Charge is referenced in the Complaint and was requested by this Court, a copy is attached to the Motion to Dismiss as Exhibit A and incorporated therein.

he received the EEOC's Right-to-Sue Letter on March 10, 2009. (Complaint, ¶ 8(b)). The Right-to-Sue Letter is addressed to Plaintiff at the same address he provided in his EEOC Charge. (*Compare* Attachment to Complaint, Right-to-Sue Letter, *with* Ex. A to Motion, EEOC Charge). Plaintiff filed his employment discrimination Complaint before this Court on February 11, 2010 (Docket # 9). He claims that he was discriminated against beginning on or about December 4, 2004 and that his employment was unlawfully terminated. (*Id.*).

## ARGUMENT

I. **Plaintiff's Amended Complaint Should Be Dismissed In Its Entirety Because It Is Untimely.**

   A. *Plaintiff Admits That He Received The Right-to-Sue Letter More Than 90 Days Prior To Filing The Complaint*

Plaintiff filed an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Title VII requires litigants to file suit in district court within 90-days of receiving a right to sue letter from the EEOC. *See e.g., Kennedy v. Steel Warehouse,* No. 92-1615, 1993 U.S. App. LEXIS 9428, * 3 (7th Cir. April 12, 1993); 42 U.S.C. § 2000e-5(f)(1). The 90-day filing rule is a "condition precedent" to suit, which is similar to a statute of limitations. *Id.* Plaintiff alleges that he received the EEOC's Right-to-Sue Letter on March 10, 2009. (Complaint, ¶ 8(b)). However, he did not submit the Complaint until January 11, 2010 (307 days later), and it was not filed until February 11, 2010 (338 days later). Thus, the Complaint was not filed within the applicable 90-day deadline and is untimely. 42 U.S.C. §2000e-5(f)(1). Because Plaintiff alleges that he received his Right-to-Sue Letter more than 90-days prior to submitting his Complaint, the case should be dismissed with prejudice.

Additionally, in his Complaint Plaintiff references the Right-to-Sue Letter and his EEOC Charge; both documents unequivocally establish that the Complaint is untimely. The Right-to-Sue Letter is addressed to Plaintiff at the same address he provided in his EEOC Charge. (*Compare* Attachment to Complaint, Right-to-Sue Letter, *with* Ex. A to Motion, EEOC Charge). Because the Right-to-Sue Letter was sent to the same address as the EEOC Charge, and since Plaintiff did not file his lawsuit within 90 days of receipt of the Letter, the Complaint must be dismissed with prejudice.

> B. *The Right-to-Sue Letter Was Sent to the Same Address as the EEOC Charge and Therefore Plaintiff Had Constructive Notice of the Letter on the Date it was Received at That Address*

Despite Plaintiff's clear allegation that he received the Right-to-Sue Letter on March 10, 2009, he nonetheless attaches to his Complaint a letter from the EEOC indicating that "[o]n March 10, 2009 you were issued a Dismissal and Notice of Rights to your old address" and that the EEOC was "resending the attached Dismissal and Notice of Rights to the correct address." (Attachment to Complaint). This correspondence from the EEOC does not contain a typewritten date, although 10-19-09 is handwritten on the document near the signature line. Plaintiff offers no explanation for his attachment of the EEOC correspondence. He does not allege that he received the Right-to-Sue Letter on a date other than March 10, 2009, nor does he allege that his untimely filing should be excused on the basis of the EEOC correspondence. The Right-to-Sue Letter was mailed to the same address provided by Plaintiff in his EEOC Charge of Discrimination. (*Compare* Attachment to Complaint, Right-to-Sue Letter, *with* Ex. A to Motion, EEOC Charge).

As this Court is well-aware, "[i]n most situations, the statutory 90-day filing period commences when the plaintiff receives actual notice of [his] right to sue. However, when the

clamant does not receive the notice in a timely fashion due to [his] own fault, the 'actual notice' rule does not apply." *Bobbitt v. The Freeman Companies,* 268 F.3d 535, 538 (7th Cir. 2001) (affirming district court's dismissal of complaint because it was filed 90-days after EEOC informed plaintiff of her right-to-sue and plaintiff's claim that she was unable to timely file because of her travel schedule was patently frivolous); *see also, Reschny v. Elk Grove Painting Co.,* 414 F.3d 821, 823 (7th Cir. 2005) ("when notice is delayed by fault of the plaintiff, the constructive receipt doctrine applies and the 90-day clock starts running once delivery is attempted at the last address provided); *St. Louis v. Alverno College,* 744 F.2d 1314 (7th Cir. 1984) (affirming district court's dismissal of untimely employment discrimination suit because the 90-day time limit began on the date that the right-to-sue notice was delivered to the most recent address plaintiff had provided the EEOC, even though plaintiff did not receive actual notice until several months later because he had moved).

    C.    *Plaintiff Does Not Plead Any Excuse or Reason for Equitable Tolling*

In this case, Plaintiff, like the plaintiff in *Bobbitt*, does not allege that the EEOC failed to mail the Right-to-Sue Letter or that the post office failed to deliver it timely. *Bobbitt,* 268 F.3d 537. Nor does Plaintiff explain whether the Right-to-Sue Letter was delivered to his residence or whether he retrieved it from the post office. *Id.* Quite simply, Plaintiff offers no explanation whatsoever for his untimely filing.

Moreover, any contention that the Complaint is timely because Plaintiff may have moved is also without merit. Again, the documents unequivocally show that the Right-to-Sue Letter was mailed to the same address provided by Plaintiff in his Charge of Discrimination. (Ex. A to Motion, EEOC Charge; Right-to-Sue Letter, attached to Complaint). Plaintiff has **not** alleged that he provided the EEOC with a change of address. Thus, any failure to receive the notice can

4

only be attributable to Plaintiff's own fault. Individuals who have filed a charge are required to notify the EEOC of any change of address. 29 C.F.R. § 1601.7(b); *Day v. Lincoln Insurance Agency*, 1 Fed. Appx. 521, 524 (7th Cir. 2001) (affirming dismissal of complaint and finding that plaintiff's delay in informing the EEOC of his correct address caused the delay in his actual receipt of the right-to-sue letter and thus he could not claim equitable tolling); *Trask v. Foster*, No. 97-1777, 1997 U.S. App. LEXIS 15519, * 3-4 (7th Cir. June 23, 1997) (because plaintiff did not notify the EEOC when she moved from the address she had previously provided, she was at fault for the failed delivery of the notice of right-to-sue letter); *St. Louis*, 744 F.3d at 1316 (*accord*, noting that the burden of providing the EEOC with changes of address is minimal).

Plaintiff's Complaint is devoid of any allegation that Plaintiff provided the EEOC with a change of address, nor does it assert a legitimate basis for any other explanation for the untimely filing. Because Plaintiff's "failure to tell the EEOC that he had moved was not an event beyond his control … the ninety-day limit began running on the date the notice was delivered to the most recent address plaintiff provided the EEOC." *St. Louis*, 744 F.2d at 1317; *see also, Trask*, 1997 U.S. App. LEXIS 15519, * 4. Therefore, Plaintiff's Complaint is untimely and should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant BNSF Railway Company requests that the Court dismiss Plaintiff's Complaint, with prejudice, and grant such other and further relief as is just and appropriate.

              **BNSF RAILWAY COMPANY,**
              **DEFENDANT**


            By: s/ Rachel E.A. Atterberry
               One of Its Attorneys

Steven M. Hartmann (ARDC No. 6185428)
Rachel E.A. Atterberry (ARDC No. 6282453)
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677
312-360-6000

Dated: April 20, 2010

6

## **CERTIFICATE OF SERVICE**

The undersigned, being one of the attorneys for Defendant, hereby certifies that she caused a copy of the foregoing to be served on all parties of record via the U.S. District Court ECF filing system and U.S. Mail, postage pre-paid, on April 20, 2010:

>Altion Mays
>7948 S. Vernon, Apt 2
>Chicago, Illinois 60619

>/s/ Rachel E.A. Atterberry

2052415v2