**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Altion Mays<br><br>Plaintiff,<br><br>v.<br><br>Burlington Northern Santa Fe,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 10 CV 153<br><br>Honorable Blanche M. Manning |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant BNSF Railway Company ("BNSF") timely filed its Motion to Dismiss ("Motion") on April 20, 2010 as well as its accompanying Memorandum in support of the Motion. Pursuant to this Court's April 26, 2010 Order, Plaintiff's Response to the Motion was due on or before May 18, 2010. Plaintiff, however, failed to respond to the Motion and as a result – and also for those reasons articulated by BNSF's in its prior Motion and Memorandum – Plaintiff's Complaint should be dismissed with prejudice.

As more fully discussed in BNSF's Memorandum, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because it is untimely. Plaintiff alleges an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. Plaintiff was required to file his lawsuit within 90-days after receipt of his Notice of Right-to-Sue Letter ("Right-To-Sue Letter") from the Equal Employment Opportunity Commission (the "EEOC"). 42 U.S.C. §2000e-5(f)(1). Plaintiff filed his Complaint on February 11, 2010 and in it he alleges that he received the EEOC's Right-to-Sue Letter on March 10, 2009. (Complaint, ¶ 8(b)). However, he did not file

the Complaint until well-over 90-days later. Thus, the Complaint was not filed within the 90-day deadline and is untimely. 42 U.S.C. §2000e-5(f)(1).

Plaintiff attaches to his Complaint a letter from the EEOC stating that "[o]n March 10, 2009 you were issued a Dismissal and Notice of Rights to your old address" and that the EEOC was "resending the attached Dismissal and Notice of Rights to the correct address." (Attachment to Complaint). However, Plaintiff has admitted that he received the Right-to-Sue Letter and has **not** alleged that he provided the EEOC with a change of address nor does he offer any other explanation for the untimely filing. As a result, the 90-day limit began running on the date the Right-To-Sue Letter was delivered to the most recent address Plaintiff provided the EEOC, the same address listed on Plaintiff's EEOC Charge. (*See* Ex. A to Motion). The Right-to-Sue Letter is dated March 10, 2009 and is addressed to Plaintiff at the same address he provided in his EEOC Charge. (*Compare* Attachment to Complaint, Right-to-Sue Letter, *with* Ex. A to Motion, EEOC Charge). Thus, Plaintiff's Complaint is untimely and, as result, it should be dismissed with prejudice. BNSF alternatively requests that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of jurisdiction.

WHEREFORE, Defendant BNSF Railway Company requests that the Court dismiss Plaintiff's Complaint, with prejudice, and grant such other and further relief as is just and appropriate.

**BNSF RAILWAY COMPANY,**
**DEFENDANT**

By: s/ Rachel E.A. Atterberry
One of Its Attorneys

Steven M. Hartmann (ARDC No. 6185428)
Rachel E.A. Atterberry (ARDC No. 6282453)
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677
312-360-6000

Dated: June 9, 2010

**CERTIFICATE OF SERVICE**

The undersigned, being one of the attorneys for Defendant, hereby certifies that she caused a copy of the foregoing to be served on all parties of record via the U.S. District Court ECF filing system and U.S. Mail, postage pre-paid, on June 9, 2010:

Altion Mays
7948 S. Vernon, Apt 2
Chicago, Illinois 60619

/s/ Rachel E.A. Atterberry