# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 153 | **DATE** | June 25, 2010 |
| **CASE TITLE** | *Altion Mays v. Burlington Northern Santa Fe* | | |

**DOCKET ENTRY TEXT**

Defendant Burlington Northern Santa Fe's motion to dismiss [16-1] is entered and continued. Plaintiff Altion Mays is directed to file a copy of his EEOC charge no later than July 16, 2010. Mays is admonished that if he fails to file his EEOC charge as directed, this case may be dismissed. The parties shall report for the previously scheduled status hearing on August 10, 2010, at 11:00 a.m.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

Plaintiff Altion Mays worked for defendant Burlington Northern Santa Fe. He contends that he was terminated based upon his race in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et seq.*.

Burlington Northern seeks to dismiss Mays' *pro se* complaint because, it contends, he filed it more than 90 days after receiving his right-to-sue letter from the EEOC. The court afforded Mays the opportunity to respond to Burlington Northern's motion, but he neglected to do so. Accordingly, the court will rule on the motion without the benefit of Mays' views.

Generally speaking, in Illinois a charge of discrimination must be filed with the EEOC within 300 days of the allegedly discriminatory conduct. *See Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009). After receiving the charge, the EEOC may either act on the charge itself, or issue a right-to-sue letter giving the employee 90 days to file suit. *See* 42 U.S.C. § 2000e-5(f)(1). Burlington Northern contends that Mays' 90-day period to sue began running on March 3, 2009, because (1) his right-to-sue letter was dated March 3, 2009, and (2) his complaint alleges that he received the right-to-sue letter on that date. Mays filed suit on January 11, 2010, 307 days after the date on the right-to-sue letter.

Although Mays attached to his complaint a right-to-sue letter dated March 3, 2009, he also attached a second letter he received from the EEOC that appears to be dated October 19, 2009. In the second letter, the EEOC acknowledges that it erroneously sent his first right-to-sue letter to the wrong address, that it was resending the right-to-sue letter to his correct address, and that Mays had 90 days from his receipt of the second right-to-sue letter to file suit. Even assuming that Mays received the letter immediately on October 19, 2009, he satisfied the time requirement by filing suit 85 days later on January 11, 2010.

Burlington Northern argues that Mays should not receive the benefit of the extended deadline to file suit provided by the EEOC when it resent the right-to-sue letter because Mays alleged in the complaint that he

**STATEMENT**

received the original right-to-sue letter sent on March 3, 2009. However, on the preprinted form complaint that Mays completed, he also gave March 3, 2009, as the date that he filed his charge of discrimination with the EEOC. Thus, Mays demonstrated confusion when he mistakenly used the date on the right-to-sue letter as his response to both when he filed his EEOC charge and when he received his right-to-sue letter. Based on the allegations of the complaint as well as the EEOC letter resending the right-to-sue letter to Mays, the court cannot conclude that Mays filed suit beyond the 90-day deadline to do so.

However, it is not clear from Mays' complaint whether he timely filed his charge of discrimination with the EEOC. In the complaint, Mays identifies Burlington Northern's discriminatory conduct as its termination of him based on his race. He also alleges that the discriminatory conduct occurred or began on or about December 4, 2004. He then states that he filed his EEOC charge on March 3, 2009. As discussed above, the March 3, 2009, date he gave for filing his EEOC charge appears to be a mistake given that his original right-to-sue letter is dated March 3, 2009. Unfortunately, Mays has not attached his EEOC charge (just his right-to-sue letter), leaving the court unable to determine when he filed his EEOC charge and, therefore, whether he filed his charge within the 300-day deadline.

Accordingly, Mays is directed to file with the clerk no later than July 16, 2010, a copy of the charge of discrimination he filed with the EEOC and/or Illinois Department of Human Rights. Mays is admonished that if he fails to file a copy of his charge of discrimination as directed, his case may be dismissed. In the interim, Burlington Northern's motion to dismiss is entered and continued until further order of this court.

rs/cpb